IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANYCE STREETER,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>METROPOLITAN LIFE INSURANCE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, AFFIRMING DECISION TERMINATING BENEFITS AND CLOSING CASE<br><br><br><br><br><br>Case No. 2:04-CV-1190 TS |

This matter is before the Court on Plaintiff's Motion for Summary Judgment[1] and Defendant's Motion on Administrative Record to Uphold Decision Terminating Benefits.[2]  A

---

[1] Docket No. 28.  Originally, Plaintiff filed her Motion for Summary Judgment at Docket No. 18, accompanied by a supporting memorandum in excess of the page limit provided by local rule.  After the Court denied her motion to file an overlength memorandum, Docket No. 27, Plaintiff re-filed her Motion for Summary Judgment, with a supporting memorandum of compliant length, at Docket No. 28.

[2] Docket No. 30.

hearing was held on both motions[3] on August 16, 2006 and, at the close of the hearing, the Court took the matter under advisement. Having reviewed the pleadings, the administrative record and the case law, and having heard argument of counsel, the Court will grant summary judgment in favor of Defendant and against Plaintiff, uphold the decision terminating benefits, and close this case, for the reasons more fully set forth below.

I.   DISCUSSION

   A.   <u>Summary Judgment Standard</u>.

This matter is before the Court on both Plaintiff's Motion for Summary Judgment, and on Defendant's Motion on Administrative Record to Uphold Decision Terminating Benefits. The parties acknowledge that this matter should be resolved as a matter of law, and the Court will render its decision under the framework of summary judgment.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] In reviewing the record, the Court views the evidence and draws any inferences

---

[3] The docket reflects that both Motions before the Court, Docket Nos. 28 and 30, were inadvertently termed by the clerk's office on June 26, 2006. This clerical error was corrected on August 16, 2006, when both Motions were re-opened and are now properly pending before the Court.

[4] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

therefrom in the light most favorable to the party opposing summary judgment.[5]  Conclusory allegations and subjective beliefs are insufficient to prevent the entry of summary judgment.[6]

    B.    <u>Appropriate Standard of Review</u>.

As a threshold matter, the Court finds that the appropriate standard of review for Defendant's decision to terminate Plaintiff's benefits in this case is the arbitrary and capricious standard.  The Plan document itself[7] is silent regarding discretion.  However, the language in the Long-Term Disability Handbook – which the Court finds is the summary plan description (SPD)[8] in this case[9] – does confer discretion upon the Plan Administrator.[10]

The Tenth Circuit has held that "[w]hen a summary plan description and the plan differ, the summary plan description is binding."[11]  When the SPD and the Plan do not conflict, the court will apply the terms of both documents.[12]  The Court finds that the SPD and the Plan do not

---

[5] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[6] *See Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1177 (10th Cir. 2000).

[7] Docket No. 36.

[8] Docket No. 14, at 1-21.  All references herein to "SPD" refer to this citation.

[9] *See, e.g.*, *Bartlett v. Martin Marietta Operations Support Inc. Life Ins. Plan*, 38 F.3d 514, 518 (10th Cir. 1994) (finding employee handbook to be SPD).

[10] The parties agree that Defendant was the Plan Administrator.  Docket No. 40, at 10 ("MetLife does not dispute its dual capacity as administrator and insurer . . .").

[11] *Semtner v. Group Health Serv. of Oklahoma, Inc.*, 129 F.3d 1390, 1393 (10th Cir. 1997); *see also Chiles v. Ceridean Corp.*, 95 F.3d 1505, 1511 (10th Cir. 1996).

[12] *Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1136 (10th Cir. 1998).

conflict, and that the SPD was, in fact, the document most readily available to Plaintiff in this case.  The Court reads these documents together to reach its conclusion.

Controlling Tenth Circuit case law does not require any specific language in a Plan or SPD to convey discretion but, rather, the determination turns on whether the language "adequately conveys to the Plan participants and beneficiaries that the evidence of disability must be persuasive to" the claims administrator.[13]  The SPD repeatedly uses language[14] which adequately conveys that the claims administrator must exercise judgment regarding the evidence of disability.  Thus, discretion is vested in Defendant as the claims administrator, and the arbitrary and capricious standard applies.

Under the arbitrary and capricious standard of review, "the decision will be upheld so long as it is predicated on a reasoned basis.  In fact, there is no requirement that the basis relied upon be the only logical one or even the superlative one.  Accordingly, [the court's] review inquires whether the administrator's decision resides somewhere on a continuum of reasonableness – even if on the low end."[15]  Further, "[s]ubstantial evidence is of the sort that a reasonable mind could accept as sufficient to support a conclusion" and is "more than a scintilla,

---

[13] *Nance v. Sun Life Assur. Co. of Canada*, 294 F.3d 1263, 1268 (10th Cir. 2002).

[14] For example, "If you become disabled and your disability is approved by the plan administrator . . ." (SPD at 5); "To receive the benefits under this insurance plan, your disability . . . must be approved by" Defendant (SPD at 9); "If you file your claim . . . and your claim is approved . . . ." (SPD at 9); "If disability occurs as a result of mental or emotional illness . . . coverage . . . will not be approved until [Defendant] has reviewed and approved a written treatment plan . . . ." (SPD at 10); and "If your claim is filed on a timely basis and approved by [Defendant], you will begin to accrue benefits . . . ." (SPD at 13).

[15] *Adamson v. UNUM Life Ins. Co. of America*, 455 F.3d 1209, 1212, 2006 (10th Cir. 2006) (internal quotations and citations omitted).

of course, yet less than a preponderance. The substantiality of the evidence is evaluated against the backdrop of the administrative record as a whole."[16] In applying this standard, the Court is to "consider the evidence before the plan administrator at the time he made the decision to deny benefits."[17]

However, in the alternative, the Court finds that in making the ultimate determination regarding the Plan Administrator's denial of benefits, the decision would be upheld even under the *de novo* standard of review, because of the plain language of the Plan's definition and the requirement of total disability.

    C.    <u>Discovery Issues</u>.

When this matter was before Magistrate Judge Nuffer on Plaintiff's discovery motion, Defendant indicated that a conflict of interest is only relevant when the Plan Administrator is granted discretionary power, and that a *de novo* standard applied. Magistrate Nuffer relied upon this concession, stating that "[t]here are no discretionary decisions in this case and no deference is to be afforded the administrator."[18] Plaintiff objected, and Defendant responded by affirming its previous concession that the Plan did not grant it discretion and agreed with Judge Nuffer that *de novo* review was appropriate.[19] In the present context, Defendant argues, and the Court has

---

[16] *Id.* (internal citations omitted).

[17] *Id.* at *4 (citing *Nance*, 294 F.3d at 1269).

[18] Docket No. 22, at 3.

[19] Docket No. 26, at 9-11.

here agreed, that discretion is conferred by the plan, and the arbitrary and capricious standard applies.

The Court is troubled by this apparent change in position of Defendant. However, the Court finds, first, that Plaintiff suffered no prejudice by this finding, as the *de novo* standard applied by Magistrate Nuffer is more liberal and Plaintiff was still not able to prevail in that context and the outcome would not have been different. Had the arbitrary and capricious standard been applied, Plaintiff would have been even less likely to have been granted discovery. Second, fact finding under an arbitrary and capricious standard has been replaced by a presumption and burden-shifting framework as set forth by the Tenth Circuit in *Fought*.[20] In that case, the Tenth Circuit, departing from the majority of other Circuits, established the presumption of an "inherent conflict of interest" where an insurer operates in a "dual capacity" and the burden of proof shifts to the defendant. Therefore, additional discovery was unnecessary to the conflict of interest analysis in this Circuit.

    D.    <u>Conflict of Interest</u>.

Plaintiff argues that Defendant operates under an "inherent conflict of interest" and, consequently, any deference afforded to it should be lessened under a "sliding scale" analysis. However, in the *Fought* case, as just discussed, the Tenth Circuit adopted a burden-shifting framework. In this case, Defendant does not dispute its dual capacity as administrator and

---

[20] *Fought v. UNUM Life Ins. Co. of America*, 379 F.3d 997, 1006 (10th Cir. 2004); although the Court notes that this has been called into question in *Adamson*, 455 F.3d 1209.

insurer, but argues that that fact, alone, does not support a finding that the decision-making process was tainted.

The Court finds that an inherent conflict of interest does exist and, therefore, the burden does shift. However, the Court finds herein that the administrative record in this case establishes that there is substantial evidence to support Defendant's denial of Plaintiff's denial of disability benefits under the arbitrary and capricious standard and, alternatively, under the *de novo* standard. Consequently, the Court finds that Defendant's decision was based upon fair and objective evidence, and even a lessened degree of deference would not alter this finding.

    E.    <u>Determination of Disability</u>.

The Plan defines total disability as "the complete inability of the Insured Employee to engage in any gainful occupation which is reasonable for a person of like education, training, and experience."[21] Under the SPD, Plaintiff would be totally disabled "only if, due to illness or injury, [she is] completely unable to engage in any gainful occupation that would be reasonable considering [her] education, training and experience."[22]

The Court finds that the evidence in the medical record demonstrates that Plaintiff's degree of impairment does not rise to this level, and the Plan Administrator's decision to deny benefits was neither arbitrary nor capricious. The evidence in the record does not support Plaintiff's contention that she could not engage in *any* gainful occupation which is reasonable for a person of like education, training, and experience. Her considerable education, training and

---

[21] Plan, Docket No. 36, at 282.

[22] SPD at 6.

experience was well suited to sedentary employment.  The medical opinions in the record – particularly of Dr. Valerie Ito, M.D. and Dr. F.X. Plunkett, M.D. – further support this finding.  Further, the decision-making process undertaken by Defendant, as well as the objective evidence underlying it, is clear from the record, and while Plaintiff may disagree with it, the Court finds that the process and conclusion comply with ERISA's requirements as a matter of law.

Further, even under the *de novo* standard, the Court would conclude from the administrative record before it that Plaintiff is not totally disabled as defined by the Plan and SPD, requiring affirmance of the decision.

II.     CONCLUSION

Based upon the above, it is hereby

ORDERED that summary judgment is hereby GRANTED in favor of Defendant, and against Plaintiff, and the decision of the Plan Administrator is AFFIRMED.[23]  Docket Nos. 28 and 30 are termed, and the Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED  October 13, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] The Court notes and acknowledges that its decision herein does not precisely conform with the Motion titles in this case.  However, the result – judgment as a matter of law in favor of Defendant – is the same.